FILED IN CHAMBERS
U.S.D.C. Rome

MAR 13 2007

JAMES N. ......, Clerk
By: ......... Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDWARD DANE JEFFUS, | : | CIVIL ACTION NO. |
| Petitioner, | : | 1:07-CV-180-RLV |
| | : | |
| v. | : | |
| | : | |
| WARDEN D.B. DREW, | : | HABEAS CORPUS |
| Respondent. | : | 28 U.S.C. § 2241 |

## ORDER

Petitioner, Edward Dane Jeffus, a federal inmate currently incarcerated at the United States Penitentiary ("USP") in Atlanta, Georgia, has filed the instant 28 U.S.C. § 2241 action seeking to challenge the constitutionality of his convictions in the United States District Court for the Middle District of North Carolina and a Florida state court. Petitioner also appears to challenge several incidents that occurred while he was incarcerated at FCI Talledega in Talledega, Alabama. For the reasons set forth below, this Court finds that the transfer of this case to this Court was improper and that this case should be transferred back to the Northern District of Alabama.

## BACKGROUND

Petitioner originally filed the instant 28 U.S.C. § 2241 habeas corpus petition against Respondent D.B. Drew on July 24, 2006, in the United States

AO 72A
(Rev.8/82)

District Court for the Northern District of Alabama. [Doc. 1]. At the time Petitioner filed the instant petition, he was incarcerated at FCI Talledega, and Respondent Drew was that prison's Warden. Petitioner seeks to challenge via § 2241 the constitutionality of two convictions – a federal conviction obtained in the Middle District of North Carolina and a state conviction obtained in Florida. Petitioner also filed several claims regarding events that occurred while Petitioner was incarcerated at FCI Talledega, including challenges to administrative detention and a potential transfer. Petitioner seeks injunctive relief and release from incarceration.

On September 19, 2006, the Northern District of Alabama entered an order directing Respondent to show cause why the writ for habeas corpus relief should not be granted. In response to that order, Respondent filed a Motion to Dismiss, contending that Petitioner was properly placed in administrative segregation and that Petitioner had no right to avoid transfer to another institution. On December 29, 2006, Petitioner notified the Alabama district court that on November 6, 2006, he had been transferred to FCI Jesup, in Jesup, Georgia. Thereafter, Respondent filed an additional response to the petition, arguing that this petition should be dismissed because the Alabama district court lacked jurisdiction to afford habeas

2

corpus relief or, in the alternative, the petition should be transferred to this Court because the Alabama district court lacked jurisdiction.

Subsequently, on January 9, 2007, the Alabama district court transferred the instant case to this Court because Petitioner is incarcerated here.

## DISCUSSION

Plaintiff seeks to challenge his convictions pursuant to § 2241 pursuant to the savings clause in 28 U.S.C. § 2255 by alleging that § 2255 is inadequate.[1] Generally "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); see also Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 1999). As discussed further below, because Petitioner was confined in the Northern District of Alabama when he initiated the instant action, it was improperly transferred to this Court.

---

[1] This Court need not determine whether Petitioner has, in fact, met the requirements under the "savings clause" because if the action is more properly brought under § 2255, this Court still would not be the proper venue for this action. See Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005) (a § 2255 motion that challenges the validity of a sentence is properly brought in the sentencing court).

3

There are two federal transfer statutes. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or in the interest of justice, transfer such case to any district or division in which it could have been brought."

In <u>Hoffman v. Blaski</u>, 363 U.S. 335 (1960), the Supreme Court considered the phrase "where it might have been brought" contained in § 1404(a).[2] In <u>Hoffman</u>, the petitioners argued that such phrase "should be held to relate not only to the time of the bringing of the action, but also to the time of the transfer." <u>Id.</u> at 343. However, the Supreme Court rejected that argument and held that a "petitioner's right to bring the action in the transferee court is tested as of the time the action was commenced in the transferor court, not as of the time of the transfer." <u>Id.</u> at 342-44. Accordingly, the Supreme Court determined that a forum which would have been improper for jurisdiction, venue and service of process at

---

[2] A review of the relevant case law indicates no substantive difference between the "might have been brought" language in § 1404(a) and the "could have been brought" language in § 1406(a).

4

the time the petition is filed is not a forum where the action "might have been brought," and thus is not a proper transferee court. Id.; see also Harris v. Garner, 216 F.3d 970, 973 (11th Cir. 2000) (finding that the term "brought" refers to the initiation of a lawsuit).

In a case most similar to the procedural history in the instant case, the Middle District of Pennsylvania transferred a § 2241 petition to the Eastern District of Virginia when the petitioner was subsequently transferred from a federal facility in Pennsylvania to a federal correctional institution located in the Eastern District of Virginia. Bashir v. United States Attorney General, 508 F. Supp. 1108, 1109 (E.D. Va. 1981). The Eastern District of Virginia immediately transferred the action back to Pennsylvania because it found that it "lacked jurisdiction at the time suit was initiated." Id. at 1109-12.

The Virginia district court reasoned that because neither the petitioner nor any of the respondents were located in Virginia at the time the petition was filed, the Eastern District of Virginia was not a federal court in which the action "could have been brought." Id. at 1111 (referencing language in 28 U.S.C. § 1404(a)). The court further noted that a fundamental requirement to a transfer is a finding

5

that the petitioner had the unqualified right to bring the action in the transferee court at the time the lawsuit was commenced. Id.

In the instant case, the Court finds that Petitioner was incarcerated at the FCI Talledega in Talledega, Alabama, at the time that he filed his petition in the Northern District of Alabama. Petitioner named the Warden of the FCI Talledega as the Respondent in this action. Petitioner, therefore, could not have brought this action in this Court because it lacked jurisdiction over the parties at the time the action was filed. See Hoffman, 363 U.S. at 342-43; Harris, 216 F.3d at 973; Bashir, 508 F. Supp. at 1109-12. Accordingly, any transfer of this action to this Court was improper.

When a transferee court concludes that a transfer was improper, the appropriate course of action in the context of a § 1404(a) transfer is to transfer the case back to the transferor court. See Hoffman, 363 U.S. at 340; United Sates v. Copley, 25 F.3d 660, 662 (8th Cir. 1994); Bashir, 508 F. Supp. at 1113. This Court regrets the inconvenience to the parties that have resulted from the multiple transfers entered in this case. The Northern District of Alabama's ruling would have placed Petitioner in the undesirable position of having to litigate his claims anew every time officials render a decision to transfer him to another federal

facility in a different district. See Bashir, 508 F. Supp at 1112. At the time Petitioner filed the instant petition, however, the Northern District of Alabama had jurisdiction to entertain the merits of this petition and because this Court is not a proper transferee court, this Court should transfer this § 2241 petition back to the Northern District of Alabama. This Court is mindful that it should not interpret federal laws in a manner which would leave Petitioner without a forum to present his § 2241 claims. See Bashir, 508 F. Supp. at 1112. This ruling should ensure that Petitioner's case will not be transferred again solely upon the fact that Petitioner is transferred to other federal facilities during the pendency of this action.

For the foregoing reasons, the Clerk of the Court transfer this action back to the United States District Court for the Northern District of Alabama along with all orders, motions, affidavits, pleadings, and exhibits filed herein for further proceedings under 28 U.S.C. § 2241.

IT IS SO ORDERED, this 13th day of MARCH, 2007.

ROBERT L. VINING, JR.
SENIOR UNITED STATES DISTRICT JUDGE

7

AO 72A
(Rev.8/82)